**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CR-20-168-G** |
| | ) | |
| **CHRISTOPHER STEVEN LEDBETTER,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

Now before the Court is Defendant Christopher Steven Ledbetter's pro se Motion for Recusal (Doc. No. 84). The Government has responded in opposition (Doc. Nos. 87, 90), and Defendant has replied (Doc. No. 89).

*I. Background*

On June 26, 2020, Defendant pled guilty to one count of violation of 18 U.S.C. § 922(o)(1). *See* Doc. No. 24. Defendant was sentenced to a term of 57 months' imprisonment, to be followed by three years of supervised release. *See* J. of Dec. 17, 2020 (Doc. No. 46).

*II. Defendant's Motion for Recusal*

*A. Relevant Standards*

"Any . . . judge . . . of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).[1] "He shall

[1] Defendant's Motion seeks the undersigned's recusal pursuant to 28 U.S.C. §§ 144 and 455. *See* Def.'s Mot. at 1, 2. Section 144 requires that a "timely and sufficient affidavit"

also disqualify himself" if "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." *Id.* § 455(b)(1).

Accordingly, "a judge has a continuing duty to recuse before, during, or, in some circumstances, after a proceeding, if the judge concludes that sufficient factual grounds exist to cause an objective observer reasonably to question the judge's impartiality." *United States v. Cooley*, 1 F.3d 985, 992 (10th Cir. 1993). "The test . . . is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Id.* at 993 (internal quotation marks omitted). "The standard is purely objective." *Id.* "[V]arious matters" that "will not ordinarily satisfy the requirements for disqualification under § 455(a)" include "[r]umor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters," and "prior rulings in the proceeding . . . solely because they were adverse." *Id.* at 993-94.

Because "the statute is not intended to give litigants a veto power over sitting judges," "section 455(a) must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *Id.* at 993 (internal quotation marks omitted). The Tenth Circuit has "emphasized that there is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is." *Id.* at 994

---

stating the ground for recusal "be filed not less than ten days" before an at-issue matter is before the court. 28 U.S.C. § 144. As Defendant has not filed such an affidavit, the Court considers his request under § 455.

(alteration and internal quotation marks omitted).

*B. Discussion*

To support his recusal request, Defendant asserts that the Court erred in its ruling regarding the validity of the state arrest warrant that resulted in Defendant's arrest by federal law enforcement officers. Defendant also argues that recusal is proper because the Court has not ruled on his pending motion (Doc. No. 68). *See* Def.'s Mot. at 2-3.

It is well established, however, that "[d]elays or omissions by a judge, or prior adverse rulings against a litigant, are not grounds for disqualification." *Aspinall v. United States*, 984 F.2d 355, 357 (10th Cir. 1993); *accord Cooley*, 1 F.3d at 993; *Willner v. Univ. of Kan.*, 848 F.2d 1023, 1028 (10th Cir. 1988). And a recusal motion is not a proper "avenue to attack adverse rulings." *Glass v. Pfeffer*, 849 F.2d 1261, 1228 (10th Cir. 1988). Neither of Defendant's grounds for recusal warrants the undersigned stepping aside because, taken singly or together, they do not establish a reasonable factual basis for an objective person to reasonably doubt or question the impartiality of the undersigned.

CONCLUSION

Accordingly, Defendant's Motion for Recusal (Doc. No. 84) is DENIED.

IT IS SO ORDERED this 20th day of August, 2026.

Charles B. Goodwin

CHARLES B. GOODWIN
United States District Judge